# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

NATHANIEL EVERETT,  )
      )
    Plaintiff,  )
      )
v.  )   No. 4:10-CV-1520-CDP
      )
HAZELWOOD POLICE  )
DEPARTMENT, et al.,  )
      )
    Defendants.  )

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the application of Nathaniel Everett (registration no. 122119) for leave to commence this action without payment of the required filing fee.

### **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is

required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. See 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $114.00, and an average monthly account balance of $.30. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $22.80, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to

state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544,570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

**The Complaint**

Plaintiff, a pre-trial detainee at the St. Louis County Department of Justice Services, seeks monetary relief in this 42 U.S.C. § 1993 action against defendants Hazelwood Police Department and patrolmen Douglas Barber, Joseph Brandt, Ryan Enge, and Pat Grelle. Plaintiff alleges that he has been falsely arrested and imprisoned. Specifically, he claims that defendants (1) entered his name in the Hazelwood police computer system as being wanted for a crime he did not commit; (2) gave false statements in police reports; and (3) refused to "reveal the truth" by complying with plaintiff's discovery request for "all four police-car's surveillance-pursuit-video[s]."

**Discussion**

At the outset, the Court notes that plaintiff has filed the instant action while the underlying criminal case against him is still pending in state court. See State v. Everett, No. 10SL-CR02262-01 (21st Judicial Circuit for the State of Missouri).

In Wallace v. Kato, 549 U.S. 384, 397 (2007), the United States Supreme Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." The Court instructed that where, as here, "a plaintiff files a false-arrest claim before he has been convicted . . . it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." Id. at 393-94. Otherwise, the Supreme Court explained, the court and the parties are left to "speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the pending civil action will impugn that verdict, all this at a time when it can hardly be known what evidence the prosecution has in its possession." Id. at 393(internal citation omitted).

After careful consideration, the Court finds that the principles established in Wallace v. Kato dictate that further consideration of plaintiff's § 1983 claims should be stayed until the underlying state criminal charges pending against him are resolved.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #3] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $22.80 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that all proceedings in this case are **STAYED** pending final disposition of the criminal charges pending against plaintiff in State v. Everett, No. 10SL-CR02262-01 (21st Judicial Circuit for the State of Missouri).

**IT IS FURTHER ORDERED** that plaintiff shall notify the Court in writing concerning the final disposition of the criminal charges pending against him in State v. Everett, No. 10SL-CR02262-01, within thirty (30) days after final disposition of the state charges.

**IT IS FURTHER ORDERED** that this case is administratively closed, pending final disposition of the criminal charges against plaintiff, and may be reopened by plaintiff's filing of a motion to reopen the case after such final disposition.

A separate order to administratively close this case shall accompany this memorandum and order.

Dated this 19th day of November, 2010.

_____
UNITED STATES DISTRICT JUDGE