UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| NATHANIEL EVERETT, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 4:10-CV-1520-CDP |
| HAZELWOOD POLICE DEPARTMENT, et al., | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court upon Nathaniel Everett's motion to reopen this case [Doc. #7].[1] Plaintiff states that, on November 19, 2010, he pleaded guilty to one count of second degree assault and one count of resisting arrest in his underlying state criminal action. See State v. Everett, No. 10SL-CR02262-01 (21st Judicial Circuit for the State of Missouri). He was sentenced and committed to the custody of the Department of Justice Services of St. Louis County for a period of one year on each count; the state court suspended execution of sentence and placed plaintiff on

---

[1]On November 19, 2010, this Court ordered that all proceedings in the instant action be stayed and the case be administratively closed, pending final disposition of the criminal charges asserted against plaintiff in State v. Everett, No. 10SL-CR02262-01 (21st Judicial Circuit for the State of Missouri)[Docs. #5 and #6]. See Wallace v. Kato, 549 U.S. 384, 397 (2007). Plaintiff was instructed to notify this Court in writing concerning the final disposition of the state criminal charges [Doc. #5]. Plaintiff has complied with the Court's instructions.

probation for a period of two years. Plaintiff did not file a direct appeal, and he states that the state case is now over. As such, the Court will grant plaintiff's motion to reopen the instant action and will review his complaint pursuant to 28 U.S.C. § 1915.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

**The Complaint**

Plaintiff seeks monetary relief in this 42 U.S.C. § 1983 action against defendants Hazelwood Police Department and patrolmen Douglas Barber, Joseph Brandt, Ryan Enge, and Pat Grelle. Plaintiff alleges that he was falsely arrested and imprisoned. Specifically, he claims that defendants (1) entered his name in the Hazelwood police computer system as being wanted for a crime he did not commit; (2) gave false statements in police reports; and (3) refused to "reveal the truth" by complying with plaintiff's discovery request for "all four police-car's surveillance-pursuit-video[s]."

**Discussion**

To recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions that would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed, expunged, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477 (1994). Plaintiff does not claim that his conviction or sentence has been reversed, expunged, invalidated, or called into question. As such, having carefully reviewed the complaint, the Court concludes that the instant action is legally

frivolous, because plaintiff's claims are barred by the United States Supreme Court's holding in Heck. See also Lawson v. Molder, 62 F.3d 394 (5th Cir. 1995)(illegal-arrest claim would necessarily call into question validity of conviction, and thus, dismissal pursuant to Heck was proper).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to reopen the instant action [Doc. #7] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 21st day of December, 2010.

                                                 *Catherine D. Perry*
                                                 UNITED STATES DISTRICT JUDGE